IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANNABELLE LEE | ) | |
| | ) | |
| v. | ) | NO. 3:19-01004 |
| | ) | |
| AMBER STEWART, et al. | ) | |

**TO: Honorable William L. Campbell, Jr., District Judge**

# REPORT AND RECOMMENDATION

By Order entered December 17, 2019 (Docket Entry No. 5), this *pro se* action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § § 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion for judgment on the pleadings filed by Defendants Amber Stewart, David Griswold, Scott Harding, and Brian Wolters. *See* Docket Entry No. 6. Plaintiff has responded in opposition to the motion. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the motion be granted and this action be dismissed. The undersigned further recommends that Plaintiff's request to amend her complaint be denied.

## I. BACKGROUND

Annabelle Lee ("Plaintiff") filed this civil case *pro se* in the Circuit Court for Davidson County, Tennessee on April 1, 2019, against Amber Stewart ("Stewart"), David Griswold ("Griswold"), Scott Harding ("Harding"), and Brian Wolters ("Wolters") (hereinafter referred to collectively as "Defendants"). (Docket Entry No. 1-1.) After Plaintiff filed an amended complaint, which referred to federal statutes and the First Amendment to the United States Constitution, *see* Amended Complaint (Docket Entry No. 1-8), Defendants filed a notice of removal on November 8,

2019, removing the case to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. (Docket Entry No. 1.) After the case was removed, Defendants promptly filed an answer. (Docket Entry No. 2.)

The facts as summarized from the allegations made in Plaintiff's amended complaint,[1] show that Plaintiff is a former employee of DAL Global Services/United Airlines ("DGS"), where she worked as a "PAX Ramp Agent" at the Nashville International Airport. A requirement for her job is that she have a Security Identification Display Area ("SIDA") badge, which allows her unescorted access to restricted areas of the airport. On April 3, 2018, she was notified by her manager that she was being terminated from her employment with DGS because her SIDA badging privileges had been revoked by the Metropolitan Nashville Airport Authority ("MNAA"). Plaintiff was given a letter, dated April 2, 2018, from Stewart, the MNAA Airport Security Manager, stating that her badging privileges had been revoked based upon an investigation conducted by the MNAA's Department of Public Safety's Criminal Investigations Division, referenced as Report No. 2018-01144. (Docket Entry Nos. 1-9 at 1-2.)

Plaintiff's allegations and the documents attached to her pleadings indicate that the investigation was conducted by Wolters, a detective with the Criminal Investigations Division, from March 28, 2018, to March 31, 2018, after a DGS employee, David Christian, told screeners with the Transportation Security Administration ("TSA") that he had heard DGS employees talking about bombs and firearms. *Id*. at 10-21. After conducting interviews with various individuals, Wolters determined that during a recent required training course for DGS employees about plane searches, Plaintiff had made a comment about her ability to build a bomb. *Id*. Included among those interviewed was the course instructor and Plaintiff. *Id*.

---

[1] After Defendants' answer was filed, Plaintiff filed another complaint. (Docket Entry No. 3.) Because the new complaint is essentially a copy of the amended complaint with only an additional page that lists two criminal statutes and various legal phrases and because the purpose of the filing was unclear, the Court treated the amended complaint that was filed in state court as the operative pleading in the case. *See* Order December 31, 2019 (Docket Entry No. 8).

Plaintiff contends that there were no legitimate grounds to revoke her SIDA badging privileges and that her comment was taken out of context because the training course itself included a video about airline terrorism and the different parts of bombs. Plaintiff denies that she said that she "knew how to build bombs" or "could build" bombs or explosive devices, as was stated in the investigative report, and asserts that she merely made a hypothetical statement that she "probably could" build a bomb. Plaintiff asserts that Wolters unfairly focused the investigation on her, that Wolters was obnoxious, aggressive, and biased while questioning Plaintiff, and that the investigative report is filled with inaccuracies and misleading statements. She further alleges that Stewart, the MNAA Legal Office, and Griswold, who is the Assistant Vice President of the Department of Public Safety, refused to provide her with any information about the revocation, policies for appealing the revocation, or reinstatement of her badging privileges. Plaintiff asserts that her termination has caused her financial injury and negatively impacted her ability to gain other employment. She requests $12,424,380.53 in damages, as well as various forms of injunctive relief.[2] *See* Amended Complaint at 15.

Plaintiff asserts that Defendants violated her rights as a citizen of the United States of America, the State of Tennessee, Davidson County, and the city of Nashville. (*Id*. at 1.) Although distinct legal causes of action are not set out in her amended complaint, Plaintiff asserts that her speech in the training class was protected by the First Amendment, contends that the Tennessee Student Free Expression Act applies, and contends that the training instructor violated the Family Education Right to Privacy Act ("FERPA"), 20 U.S.C. § 1232g, and 34 C.F.R. Part 99. (*Id*. at 5 and 8.) Plaintiff also lists in her amended complaint several federal and state criminal statutes, which she apparently believes were violated by one or more of the Defendants: 49 U.S.C. § 46502; 49 U.S.C.

---

[2] Plaintiff also includes in her amended complaint allegations about (1) an incident that occurred on April 4, 2018, when she was arrested after going to the MNAA Legal Office in an attempt to obtain the investigative report and SIDA badge policies and (2) the negative impact of two criminal charges, which were ultimately dismissed, that arose out of the incident. Plaintiff is pursuing claims based upon these events in another lawsuit that is currently pending in this Court. *Lee v. MNAA, et al.*, 3:19-0999.

§ 46504; 49 U.S.C. § 46314; 18 U.S.C. § 37; 18 U.S.C. § 2384; T.C.A. § 39-16-503; T.C.A. § 39-16-502; T.C.A. § 39-16-702; T.C.A. § 39-16-403; T.C.A. § 39-12-103; and T.C.A. 39-17-309. (*Id.* at 6 and 8-11.)

## II. MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants seek judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket Entry No. 6.) They argue that: 1) Plaintiff fails to state cognizable claims based on the state and federal criminal statutes referenced in the amended complaint because those statutes do not create private causes of action; 2) Plaintiff's allegations fail to support a claim under FERPA because FERPA does not apply to Defendants; 3) Plaintiff's allegations fail to support a claim under the Tennessee Student Free Expression Act because the Act does not apply to the events alleged by Plaintiff; and, 4) Plaintiff merely cites the language of the First Amendment and fails to state how any of the Defendants violated her First Amendment rights. *See* Memorandum of Law (Docket Entry No. 7.)

In response to Defendants' motion, Plaintiff both (1) requested an extension of time to respond until after she has subpoenaed and obtained from DGS the video used in the training course she attended (*see* Docket Entry Nos. 9 and 19),[3] and (2) filed a lengthy objection (*see* Objection I at Docket Entry No. 10), followed by a second objection (*see* Objection II at Docket Entry No. 16), that essentially reiterated the arguments made in her first objection.

In her objections, Plaintiff contends that Defendants "do not understand the issues and facts associated with the case" and that "[a]t the center of this case is that all of the listed Defendants were conspirators and violated the Plaintiff's rights as guaranteed by the United States Constitution Amendment 1, Tennessee Higher Education Freedom of Speech Act, and [FERPA]." (Objection I at 1.) Plaintiff contends that "evidence needs to be submitted" to support her claims *(id.)* and presents her factual version of the events at issue, which essentially tracks the allegations of her

---

[3] Plaintiff has filed two motions for a subpoena to issue. (Docket Entry Nos. 12 and 20.)

amended complaint. Plaintiff argues that her comment in the training course was speech protected by the First Amendment and the aforementioned statutes (*id*. at 2 and 13), and further asserts that Defendants' conduct also violated her Second and Fifth Amendment rights (*id*. at 17-19), and that criminal statutes should be enforced and that the "violation of some federal statutes does provide a cause of action in civil remedies." (*Id*. at 20.) Defendants have filed a reply, arguing that nothing asserted by Plaintiff in her objections rebuts their arguments for dismissal of the case. *See* Reply (Docket Entry No. 13).

In addition to her objections to Defendants's motion, Plaintiff requests permission to amend her pleadings. *See* Motion to Amend (Docket Entry No. 17); Motion for Extension of Time (Docket Entry No. 18); and Objection to Response (Docket Entry No. 22). Plaintiff asserts that new issues have been "discovered" that need to be added to her claims, that she would like to clarify her claims and provide documentation, and that she needs to change her request for relief because her damages and losses have increased. Although Plaintiff stated that an amendment would be submitted by February 28, 2019 (*see* Motion for Extension of Time and Objection to Response), no such amendment has been filed by Plaintiff.

### III. STANDARD OF REVIEW

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is reviewed under the same standard of review applicable to a motion to dismiss brought under Rule 12(b)(6). *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). Accepting the well-pleaded material allegations of the pleadings as true, *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), the pleadings must provide the grounds for Plaintiff's entitlement to relief and consist of more than "labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The well pleaded factual allegations must show a plausible right to relief. *Twombly*, 550 U.S. at 555-61. To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a

defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Plaintiff's factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

While the Court should provide a liberal construction to the pleadings of a *pro se* plaintiff, *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), the Court is not required to supply or assume facts that are not pled or create claims for a party that are not pled. *See Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012) (quoting *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000).

### IV. ANALYSIS

#### A. Motion for Judgment on the Pleadings

Defendants' motion for judgment on the pleadings should be granted and this action should be dismissed. After review of the motion and Plaintiff's objections, the Court finds that Defendants have raised sound and persuasive legal arguments for the dismissal of the case. Plaintiff has not set forth legal arguments in rebuttal to the Defendants' motion that have merit and are persuasive. In the end, while Plaintiff may disagree with the events that occurred regarding the loss of her SIDA badging privileges and her termination from employment, she has not stated legal claims upon which relief can be granted.

Initially, Plaintiff fails to state plausible legal claims based on her allegations that federal criminal statutes have been violated. Unless specifically provided for in the statute, a federal criminal statute rarely creates a private cause of action that can form the basis for a civil claim. *See Nashville Milk Co. v. Carnation Co.*, 355 U.S. 967 (1958); *Young v. Overly*, 2018 WL 5311408 at *2 (6th Cir. July 2, 2018); *Milgrom v. Burstein*, 374 F.Supp.2d 523, 529 (E.D.Ky. 2005). Plaintiff has not shown that any of the various federal criminal statutes that she refers to in her amended complaint have been

6

found to create a private cause of action upon which she can seek relief in this case.[4] Furthermore, within the stance of a civil case, the Court has no authority to enforce criminal statutes or permit a civil party to act in the role of a criminal prosecutor. The prosecution of criminal statutes is a matter left to the sound discretion of law enforcement authorities. *See Hossain v. Ocwen Loan Servicing, LLC*, 2014 WL 4347620 at *2 (M.D.Tenn. Aug. 29, 2014) (Trauger, J.) ("Among other reasons, violations of federal criminal laws are prosecuted by United States Attorneys and do not create civil causes of action by private citizens.").

The same conclusion generally holds true for criminal statutes under the Tennessee Code. *Schmidt*, 2008 WL 597687 at *2; *Douglas v. McLain*, 2016 WL 51277 at *4 (W.D.Tenn. Jan. 4, 2016). Plaintiff has not shown that any courts recognize a private civil cause of action under the Tennessee criminal statutes that she refers to in her amended complaint. Indeed, several courts have found that these statutes do not create private causes of action. *See Bohler v. City of Fairview*, 2018 WL 5786234 at *18 (M.D.Tenn. Nov. 5, 2018) (Trauger, J.) (no private cause of action under T.C.A § 39-16-503); *Douglas*, 2016 WL 51277 at *4 (no private cause of action under T.C.A. § 39-16-702); *Davis v. Earls*, 2001 WL 589138 at *3 (Tenn.Ct.App. May 30, 2001) (no private cause of action under T.C.A. § 39-16-403); *Schmidt*, 2008 WL at *2 (no private cause of action under T.C.A. § 39-12-103); *Davis v. Tennessee Wildlife Res. Agency*, 2006 WL 861352 at *7 (Tenn.Ct.App. Apr. 5, 2006) (no private cause of action under T.C.A. § 39-17-309).

Plaintiff also fails to state a plausible claim based on her allegations that FERPA has been violated. The law is well-established that no private right of action under FERPA exists. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002); *Bevington v. Ohio Univ.*, 93 Fed.App'x 748, 750 (6th Cir. 2004); *United States v. Miami Univ.*, 294 F.3d 797, 809 n.11 (6th Cir. 2002).

With respect to Plaintiff's claim that "T.C.A. Section 49 Chapter 7 the 'Tennessee Student Free Expression Act'" has been violated, there is no such act as it is identified by Plaintiff. To the

---

[4] To the extent that Plaintiff's superfluous amended complaint refers to 18 U.S.C. §§ 241 and 242, these statutes also do not give rise to a civil cause of action for damages. *Schmidt v. Nat'l City Corp.*, 2008 WL 597687 at *2 (E.D.Tenn. Mar. 4, 2008).

7

extent that Plaintiff intends to refer to the Campus Free Speech Protection Act, T.C.A. §§ 49-7-2401 *et seq.*, this Act applies only to a "public institution of higher education in this state," § 49-7-2402, and, thus, does not apply to any of the facts alleged by Plaintiff.

Plaintiff's final claim is that her constitutional rights were violated. She specifically refers to a violation of her First Amendment free speech rights.[5] However, Plaintiff's allegations fail to support a First Amendment claim upon which relief can be granted.[6] The framework for a First Amendment free speech claim brought by a public employee who has been terminated from employment requires Plaintiff to show: 1) that her speech was made as a private citizen, rather than pursuant to her official duties; 2) that her speech involved a matter of public concern; and, 3) that her interest as a citizen in speaking on the matter outweighed the state's interest, as an employer, in "promoting the efficiency of the public services it performs through its employees." *Garcetti v. Ceballos*, 547 U.S. 410, 417-18 (2006); *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 540 (6th Cir. 2012).

If the speech at issue is not a matter of public concern, the Court's inquiry is complete and a plaintiff's First Amendment claim fails. *Dambrot v. Cent. Michigan Univ.*, 55 F.3d 1177, 1186 (6th Cir. 1995). In the instant case, Plaintiff's claim fails because the speech at issue was not a matter of public concern and, thus, not protected speech. Even when the Court takes as true Plaintiff's allegation that she made the statement that she "could probably build a bomb," this speech was not a matter of public concern. The comment was extremely limited in scope and content, was made

---

[5] Although Plaintiff does not assert that she is bringing a claim under 42 U.S.C. § 1983, Section 1983 provides the statutory vehicle for a plaintiff to pursue claims against state officials for alleged violations of federal constitutional rights. Given Plaintiff's *pro se* status, the Court liberally construes her amended complaint to infer that her First Amendment claim is brought under Section 1983. Similarly, for the purposes of deciding the instant motion, the Court presumes, that Defendants acted under color of state law, a necessary showing for any claim under Section 1983. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998).

[6] Plaintiff asserts in her objections to Defendants' motion that her Second and Fifth Amendment rights have also been violated. *See* Objections at 17-19. However, Plaintiff cannot amend her pleadings to add new claims through her response to Defendants' motion, *See Orea Energy Group, LLC v. East Tennessee Consultants, Inc.*, 2009 WL 3246853 at *3 (E.D.Tenn. Oct. 6, 2009) ("[T]hese allegations are nowhere to be found in the complaint. They are present only in plaintiff's briefing, and it is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

within the context of a training class for Plaintiff's employment, and only concerned an issue related to Plaintiff's job duties. The speech occurred in a private, not public, setting, and did not relate to a matter of political, social, or community concern. Such speech falls outside the realm of First Amendment protection. Further, it appears to the Court that Plaintiff was acting as a public employee, not a citizen, when making her comment during the course of a work-related training class. Public employees who make statements pursuant to their official duties are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline. *Garcetti*, 547 U.S. at 421; *Handy-Clay*, 695 F.3d at 540; *Thomson v. Scheid*, 977 F.2d 1017, 1021 (6th Cir.1992) ("First Amendment protection extends to a public employee's speech when he speaks as a citizen on a matter of public concern, but does not extend to speech made in the course of acting as a public employee") (citation omitted).

Contrary to Plaintiff's apparent belief, everything that she says at her work is not protected speech. Her allegation that the loss of badging privileges and her resulting termination from employment were unfair and unwarranted simply does not support a First Amendment free speech claim. When protected speech is not at issue, government officials "should enjoy wide latitude in managing their offices, without intrusive oversight by the judiciary in the name of the First Amendment" *Connick v. Myers*, 461 U.S. 138, 146 (1983). As stated by the Supreme Court in *Garcetti*:

> We reject, however, the notion that the First Amendment shields from discipline the expressions employees make pursuant to their professional duties. Our precedents do not support the existence of a constitutional cause of action behind every statement a public employee makes in the course of doing his or her job.

547 U.S. at 426.

For all these reasons, Plaintiff has failed to state legal claims upon which relief can be granted. Her amended complaint is therefore properly dismissed.

**II. Plaintiff's Request to Amend her Complaint**

Plaintiff's request to amend her pleadings, *see* Motion to Amend (Docket Entry No. 17); Motion for Extension of Time (Docket Entry No. 18); and Objection to Response (Docket Entry No. 22), should be denied. The plaintiff no longer has the right to amend her complaint as a matter of course under Rule 15(a)(1) of the Federal Rules of Civil Procedure, and she has not obtained the opposing party's written consent to amend. Accordingly, she must obtain leave of the Court to file an amendment to her complaint. *See* Rule 15(a)(2). Although Rule 15(a)(2) provides that amendments should be freely permitted "when justice so requires," leave to amend is properly denied if the proposed amendments would be futile and would not withstand a Rule 12(b)(6) motion to dismiss. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Thiokol Corp. v. Department of Treasury*, 987 F.2d 376 (6th Cir. 1993); *Marx v. Centran Corp.*, 747 F.2d 1536, 1550 (6th Cir. 1984); *Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980).

Justice does not require permitting Plaintiff to amend her complaint. Plaintiff had nearly a year after the events at issue to sort out her lawsuit and set out her legal claims in her original complaint. Further, Plaintiff has already been given an opportunity to amend her complaint to clarify and specify her claims and she filed a lengthy amended complaint. Finally, although Plaintiff asserts that new issues have been "discovered" and that she would like to clarify her claims and provide documentation, she did not tender a proposed amended complaint that sets out any new and additional claims that would survive a motion to dismiss.[7] To the extent that Plaintiff suggests in her objections that she believes that her Second and Fifth Amendment rights have been violated, she fails to set forth any facts or theories that would support a viable and non-futile claim under either of those constitutional provisions. Permitting this lawsuit to continue so that Plaintiff can pursue spurious

---

[7] Local Rule 15.01(a)(1) requires a party filing a motion to amend to include as an appended exhibit the signed proposed amended pleading.

10

claims fails to serve any interest of justice. Plaintiff's requests for leave to amend her complaint are therefore properly denied.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that:

1. the motion for judgment on the pleadings filed by Defendants Amber Stewart, David Griswold, Scott Harding, and Brian Wolters, *see* Docket Entry No. 6, be GRANTED;

2. Plaintiff's motions to amend her complaint, *see* Motion to Amend (Docket Entry No. 17); Motion for Extension of Time (Docket Entry No. 18); and Objection to Response (Docket Entry No. 22), be DENIED; and

3. this action be DISMISSED with prejudice in its entirety

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Locl Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

11